IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **CHRISTOPHER WITT, an individual,** <br><br> Plaintiff, <br><br> v. <br><br> **DIXIE FREIGHT SYSTEMS, INC., a foreign corporation, and EMMANUEL ORETIN, an individual;** <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER RE: DEFENDANTS' MOTION TO DISMISS** <br><br> **Case No. 2:15-cv-524-JNP-PMW** <br><br> **District Judge Jill N. Parrish** <br><br> **Magistrate Judge Paul M. Warner** |

District Judge Jill N. Parrish referred this matter to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Dixie Freight Systems, Inc., et al.'s (collectively, "Defendants") motion to dismiss,[2] which has been referred to this court under 28 U.S.C. § 636(b)(1)(B).[3] While Defendants' motion is captioned as a motion to dismiss, this court will treat it as a motion for sanctions under Rule 37 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 37.

The court has carefully reviewed the motion and memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds oral argument would not be helpful and is unnecessary. *See* DUCivR 7-1(f).

---

[1] *See* docket no 10.

[2] *See* docket no. 24.

[3] See docket no. 28.

In their motion for sanctions, Defendants seek dismissal of Christopher Witt's ("Plaintiff") complaint in its entirety or, in the alternative, that (1) Plaintiff's responses to Defendants' second request for admissions be stricken and the assertions be deemed admitted; (2) the fact discovery deadline be extended by 90 days and the dispositive motion deadline be extended an additional 90 days after receipt of complete discovery responses—both extensions for Defendants only; and (3) Plaintiff be required to pay Defendants' costs, expenses, and attorney fees incurred in filing the instant motion.  In response, Plaintiff agreed to extend the discovery deadline for Defendants for 90 days, but contends that the dispositive motion deadline should only be extended for 30 days, rather than the 90 days sought by Defendants.

In an order dated October 5, 2016, the court instructed the parties to provide supplemental briefing regarding the instant motion; Plaintiff was ordered to explain in detail its failure to timely respond to Defendants' discovery requests, and Defendants were ordered to explain in detail efforts made to meet and confer with Plaintiff's counsel prior to filing the instant motion.

## BACKGROUND

Between December 2015 and August 2016, Defendants made efforts to obtain discovery materials from Plaintiff in this matter.  Defendants sent an email to Plaintiff's counsel on June 10, 2016, but received no response.  On June 15, 2016, Defendant served Plaintiff with another set of interrogatories, as well as a second request for admissions.  In response to the interrogatories, Plaintiff referred Defendants to Plaintiff's medical records rather than directly answering them.  Additionally, Plaintiff provided no response to Defendants' second request for

admissions until August 1, 2016, which was 47 days after Defendants' second request for admissions was served.

Plaintiff was deposed on August 4, 2016. Plaintiff's counsel arrived at the deposition with a large workers' compensation file containing potentially relevant information regarding Plaintiff's prior injuries. Plaintiff had not previously produced this discovery to Defendants. Plaintiff's counsel maintains that his failure to produce the workers' compensation file prior to Plaintiff's deposition was merely an oversight; the file was "erroneously omitted in the production" of discovery materials.[4]

In opposition to Defendants' instant motion, Plaintiff contends that Defendants did not make sufficient efforts to meet and confer prior to filing their motion. However, it appears that Plaintiff's counsel simply ignored Defendants' attempts to communicate regarding discovery matters. It was only *after* Plaintiff had failed to produce discovery, ignored Defendants' attempts to communicate, and provided insufficient answers to interrogatories, did Defendants file the instant motion.

## STANDARD OF REVIEW

Rule 37 of the Federal Rules of Civil Procedure provides that if a party fails to provide information or serve answers to interrogatories, the court may issue the following sanctions:

(i)   directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

---

[4] Docket no. 31 at 3.

      (iv)     staying further proceedings until the order is obeyed;

      (v)     dismissing the action or proceeding in whole or in part;

      (vi)     rendering a default judgment against the disobedient party; or

      (vii)     treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(1)-(vii), (c)(1)(C), (d)(3). Before imposing severe sanctions like dismissing the action or striking pleadings, courts generally consider the following factors:

> (1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant . . . ; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance . . . ; and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (quotations and citations omitted). "[S]ome of these factors will take on more importance than others." *Id.* at 922. "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Id.* at 921. With these standards in mind, the court turns to the instant motion.

## DISCUSSION

First, as noted above, counsel for Defendants made several attempts to communicate with Plaintiff's counsel, but were mostly ignored until just prior to Plaintiff's deposition. Accordingly, the court finds that Defendants made good faith efforts sufficient to satisfy the meet and confer requirements of Rule 37(a)(1), as well as local rule 37-1(a)(1). *See* Fed. R. Civ. P. 37(a)(1); DUCivR 37-1(a)(1).

### **Terminating Sanctions**

Defendants seek the dismissal of Plaintiff's complaint on the grounds of "his blatant and inexcusable disregard for the rules of discovery."[5] While Defendants did not mention the *Ehrenhaus* factors, the court does not conclude that Plaintiff's actions warrant dismissal under *Ehrenhaus*, at least at this time.

Defendants have not demonstrated that Plaintiff's actions have caused them actual prejudice. However, Plaintiff failed to provide the workers' compensation file in sufficient time for Defendants to prepare for Plaintiff's deposition. Thus, the timing of Plaintiff's production hindered Defendants' ability to depose Plaintiff. Accordingly, Plaintiff is ordered to submit to another deposition by Defendants at Plaintiff's expense. Notwithstanding the delayed production, Plaintiff's actions have not substantially interfered with the judicial process. While Plaintiff's counsel is culpable for failing to respond to Defendants' discovery requests, this court has not had occasion to warn Plaintiff that dismissal is a likely sanction for noncompliance. Therefore, the court concludes that lesser sanctions would be sufficient to remedy Plaintiff's actions. Accordingly, the court will not recommend dismissal as a sanction at this time. However, Plaintiff is on notice that further discovery abuses may result in the imposition of harsher sanctions, including possible dismissal.

### **Lesser Sanctions**

As an alternative to terminating sanctions, Defendants ask this court to deem admitted their second request for admissions because Plaintiff failed to timely respond. Plaintiff contends that deeming admitted Defendants' second request for admissions would lead to an absurd result,

---

[5] Docket no. 24 at 5.

given that some of those individual requests closely resemble a number of the requests for admission in Defendants' first set of request for admissions. Rule 36(a)(3) requires that a party respond to a request for admissions within 30 days, unless the parties stipulate to a shorter or a longer time, or the court orders otherwise. *See* Fed. R. Civ. P. 36(a)(3).

As noted by Plaintiff, some of the requests for admission in the second set do in fact closely resemble some of those contained in the first set, but many do not.[6] The court finds no reason to deviate from the plain language of Rule 36(a)(3). Had Plaintiff's counsel approached the court for an extension of time in which to respond to Defendants' second request for admissions *prior* to expiration of the 30-day deadline, the court would have likely granted Plaintiff's request. But Plaintiff's counsel did not do this and now expects the court to simply ignore the plain language of Rule 36(a)(3).

Plaintiff's counsel asserts that "staff turnover" was the reason for his failure to respond when Defendants attempted to contact him, as well as for his failure to timely respond to Defendants' second request for admissions.[7] Plaintiff's counsel further states that when his "new legal assistant began work on June 17, 2016 . . . she was faced with a backlog of matters."[8] Essentially, Plaintiff's counsel was busy with other matters, which is "not excusable neglect in the Tenth Circuit." *Runolfson v. Safeco Ins. Co. of Am.*, No. 2:14-CV-588 TS, 2016 WL 3080784, at *2 (D. Utah May 31, 2016).

The law is governed by rules. Failure to enforce the rules breeds contempt for those rules. Requests for admissions routinely contain outlandish and case-dispositive admissions. Yet, Rule

---

[6] Compare both sets: Docket no. 26-1 & 24-7.

[7] Docket no. 31 at 2–4.

[8] *Id*. at 2.

36(a)(3) states that the failure to respond timely results in the admissions being deemed admitted. *See* Fed. R. Civ. P. 36(a)(3).  Hence, timely responses to requests for admissions become critical.  Regardless of staffing problems, Plaintiff's counsel is the captain of his own ship and is responsible for everything his employees do—or neglect to do—in matters such as the one before the court.  The court will not accept counsel's attempt to throw his employee under the proverbial bus.  Accordingly, Plaintiff's untimely responses to Defendants' second request for admissions are stricken, and the assertions are deemed admitted.

Plaintiff claims that Rule 33(d) allows reference to medical records as business records when questioned about injuries in interrogatories.  Rule 33(d) does allow parties to respond to interrogatories "by producing business records in certain circumstances."  *See Bradley v. Val-Mejias*, No. 00-2395-GTV, 2001 WL 1249339, at *2 (D. Kan. Oct. 9, 2001).  This allowance only applies "to the business records of the party upon whom the interrogatory has been served." *Id.* (quotations and citation omitted).  However, the medical records at issue here are not Plaintiff's business records, but those of the medical providers who treated him.  Thus, the only party who can reference medical records as business records in response to an interrogatory is the medical provider who created the record.  *See id.*  Because Plaintiff is not the medical provider that created the records to which he is referring, he may not refer to them as a substitute for responding to an interrogatory.  Accordingly, Plaintiff shall provide full and complete responses to Defendants' interrogatories on or before December 16, 2016.

Rule 37 provides that if a motion seeking discovery "is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the

motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

Defendants attempted in good faith to obtain discovery without court involvement. Plaintiff's failure to respond was not substantially justified, and court intervention in this matter was necessitated by Plaintiff's conduct. Accordingly, Defendants' request for attorney fees and costs is **GRANTED**.

In addition, both parties recognize the need to amend the scheduling order based on Plaintiff's actions. Accordingly, the court modifies the scheduling order as follows:

| Close of fact discovery for Defendants only: | 2/28/2017 |
|---|---|
| Dispositive motion deadline for both parties: | 4/28/2017 |
| Last day for expert discovery: | 4/28/2017 |
| If the parties do not intend to file dispositive or potentially dispositive motions, Judge Parrish will hold a scheduling conference for purposes of setting a trial date: | 5/5/2017 at 2:00 p.m. |

## CONCLUSION

Based on the foregoing, Defendants' motion for sanctions is **GRANTED IN PART AND DENIED IN PART**. In summary, **IT IS HEREBY ORDERED** that:

1. Defendants may depose Plaintiff again at Plaintiff's expense.

2. Plaintiff's responses to Defendants' second request for admissions are stricken and the assertions are deemed admitted.

3. Plaintiff must provide full and complete responses to Defendants' interrogatories on or before December 16, 2016.

4. Plaintiff is ordered to pay Defendants' costs, expenses, and attorney fees incurred in filing the instant motion.  Defendants are ordered to submit a cost memorandum detailing the attorney fees and other expenses incurred in filing this motion within (14) fourteen days of the date of this order.  Plaintiff may file a response to Defendants' cost memorandum within (7) seven days after receiving it.  Upon review of the parties' respective submissions, the court will then determine a reasonable sanction award amount.

5. The scheduling order is amended as set forth above.

   **IT IS SO ORDERED**.

   DATED this 30th day of November, 2016.

   BY THE COURT:

   _____
   PAUL M. WARNER
   United States Magistrate Judge